**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANITA G. MARTINEZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-357-XR |
| | § | |
| METHODIST HEALTHCARE SYSTEM | § | |
| OF SAN ANTONIO, LTD., L.L.P., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

Came on this day to be heard Defendant's Motion to Dismiss and Compel Arbitration (Docket Entry No. 4).  Plaintiff has not responded, and the time to do so has expired.  Having considered Defendant's motion and Plaintiff's complaint, the motion is GRANTED.

**Background**

Plaintiff Anita G. Martinez was an employee of Defendant Methodist Healthcare System of San Antonio, Ltd., L.L.P. ("the Hospital").  Martinez alleges that her thirteen year old son suffers from Attention Deficit Hyperactive Disorder and Oppositional Defiance Disorder.  She states she scheduled her son's doctor visits and school evaluations on her days off from work, but occasionally requested leave pursuant to the Family Medical Leave Act for two to five days per year.

According to Martinez, Defendant hired her as a nurse scheduled to work 8-hour shifts, but in 2009, her employer began to randomly schedule nurses for 12-hour shifts to address nursing shortages.  Martinez's complaint states that the Hospital planned to schedule all nurses for 12-hour shifts in September 2009.  On May 14, 2009, Martinez requested from her supervisor that she be allowed leave through a reduced work week and work schedule to accommodate her son's medical

needs.  Plaintiff claims that Defendant rejected her request for FMLA leave and told her she could only work 12-hour shifts.

Martinez claims that she filed a complaint with the Equal Employment Opportunity Commission (EEOC) and was subjected to harassment when her employer assigned her to high risk and high maintenance patients.  Martinez filed suit against the Hospital, alleging violations of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, and retaliation in violation of Texas Labor Code, § 21.055.

## Procedural History

Plaintiff filed suit against Defendant in County Court at Law No. 3 of Bexar County, Texas.[1] Defendant timely removed the case to this Court based on the Court's jurisdiction pursuant to 28 U.S.C. § 1441(a) on a claim arising under federal law.[2]  On May 26, 2010, Defendant filed a motion to compel arbitration and for the Court to dismiss the case.[3]  Defendant was unable to confer with Plaintiff's counsel regarding the motion and designated the motion as "opposed."  Plaintiff has not responded to the motion, and the time to do so has expired.  L.R. CV-7(d) (W.D. Tex.) (establishing deadline to respond in opposition to motions); FED. R. CIV. P. 6 (regarding calculation of deadlines and addition of three days depending on form of service).

## Defendant's Motion to Compel Arbitration and for Dismissal

Methodist Healthcare System states that it instituted a Mandatory Binding Arbitration Policy

---

[1]Pl.'s Original Pet., Mar. 10, 2010 (Ex. B to Docket Entry No. 1).

[2]Def.'s Notice of Removal, May 7, 2010 (Docket Entry No. 1).

[3]Def.'s Opposed Mot. to Dismiss and Compel Arbitration, May 26, 2010 (Docket Entry No. 4).

in April 2006.  The Hospital presents a copy of the policy, copies of notices provided to employees

about the policy, and the affidavit of the Hospital's Senior Director of Human Resources in support

of its motion.  The relevant portions of the policy read:

> Under the Mandatory Binding Arbitration Policy, both the employee
> and MHS agree to give up any right either party has to a jury or judge
> trial regarding any issue governed by the Mandatory Binding
> Arbitration Policy.  All disputes governed by the Mandatory Binding
> Arbitration Policy shall be submitted to final and binding arbitration
> to be conducted by an experienced Arbitrator from the American
> Arbitration Association[s] (AAA) chosen by the employee and the
> company.  The employee and the Employer will be bound by the
> decision made by the third party neutral arbitrator except as allowed
> to appeal in court. . . .
>
> Binding arbitration may only be used for the sorts of claims that
> would otherwise be heard in court with some exclusions . . . .
>
> Subject to the general requirement the claim must give rise to a legal
> cause of action that could be heard in court, the following claims may
> be submitted to arbitration:
> -   claims relating to involuntary terminations . . .
> -   employment discrimination and harassment claims . . .
> -   retaliation claims as recognized by applicable state or federal
>     law . . .
> -   claims relating to state or federal family and medical leave
>     acts . . . .[4]

Defendant argues that the arbitration policy covers Martinez's claim and that the Court should

compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

## Legal Standard

Under the Federal Arbitration Act,

> A written provision in . . . a contract evidencing a transaction
> involving commerce to settle by arbitration a controversy thereafter
> arising out of such contract or transaction, or the refusal to perform
> the whole or any part thereof, or an agreement in writing to submit to
> arbitration an existing controversy arising out of such a contract,

---

[4]Def.'s Ex. A-1.

transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The FAA governs only if the court determines that: (1) the parties agreed to arbitrate the dispute in question and (2) there exist no legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue.  *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citations omitted).  The first step requires a determination that: (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of the agreement.  *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (citation omitted).  "While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate."  *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

## Analysis

**A.     The parties agreed to arbitrate the dispute in question.**

*1.     There is a valid arbitration agreement between the Hospital and Martinez.*

The determination of whether there is a valid agreement to arbitrate is made on the basis of ordinary state law principles that govern contract formation.  *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008).  Under Texas law, "[a]n employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employer establishes that the employee received notice of its arbitration policy and accepted it."  *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex.2002), *cert. denied*, 537 U.S. 1112, 123 S.Ct. 901, 154 L.Ed.2d 785 (2003)).

Here, Defendant has established that the Mandatory Binding Arbitration Policy instituted in April 2006 was discussed at departmental meetings, placed in the Hospital's employment brochure,

4

and distributed to all employees in the employee newsletter while Martinez was employed at the Hospital.[5]  The employee newsletter contains a summary of the binding arbitration process and directs the employee where to obtain more detailed information.[6]  The employment brochure likewise states that binding arbitration is the last step of the process regarding a claim "that the hospital has violated a statutory provision that may otherwise be heard in court."[7]  Furthermore, Martinez does not dispute that she received notice of the mandatory arbitration policies.  Meyers continued to work for the Hospital; thereby, accepting the agreement.  *See In re Halliburton Co.*, 80 S.W.3d at 569.[8]  Consequently, there is a valid arbitration agreement.

2.    *Martinez's claims fall under the scope of the agreement.*

Martinez has asserted claims for violations of the FMLA and retaliation under Texas law.[9] The Hospital's mandatory arbitration policy specifically covers the following items:

- claims relating to involuntary terminations . . .
- employment discrimination and harassment claims . . .
- retaliation claims as recognized by applicable state or federal law . . .
- claims relating to state or federal family and medical leave

---

[5]Aff. of Barry Burns, Senior Director, Human Resources for Methodist Healthcare System of San Antonio Ltd., L.L.P. ¶¶ 4–5 at 2 (May 26, 2010) (Def.'s Ex. A).

[6]Def.'s Ex. A-2.  A summary of the arbitration agreement is an acceptable means to provide notice; the company need not provide the complete underlying agreement to provide adequate notice under Texas law.  *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006).

[7]Def.'s Ex. A-3.

[8]The policy was implemented and employees were notified of the mandatory arbitration policy in 2006.  Martinez's employment with the Hospital ended on October 1, 2009.  Burns Aff. ¶ 5 at 1.

[9]*See* Compl.

acts . . . .[10]

Martinez is asserting claims that the arbitration agreement covers explicitly and her claims for violations of the FMLA and retaliation fall under the scope of the agreement.

**B.**    **No legal constraint external to the parties' agreement forecloses arbitration**.

Employment disputes can be subject to mandatory arbitration agreements. *See Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 748 (5th Cir. 1996). Plaintiff has not presented any argument asserting that a legal constraint forecloses the arbitration agreement.

**C.**    **Dismissal of this case is warranted.**

Under the FAA:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "This rule, however, was not intended to limit dismissal of a case in the proper circumstances." *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Dismissal may be appropriate when all the issues before the Court are subject to arbitration. *Id.* In this case, Martinez has asserted a claim for violations of the FMLA and a claim for retaliation under state law. Both claims are subject to arbitration, leaving no issues for dispute before the Court. As a result, dismissal is appropriate in this case.

---

[10]Def.'s Ex. A-1.

**Conclusion**

The Court may grant Defendant's motion as unopposed because Plaintiff has failed to respond by the deadline. L.R. CV-7(d). In any case, the Court has evaluated the Defendant's motion and the attached exhibits to find that arbitration is warranted. Defendant's motion to compel arbitration is GRANTED. There being no issues for adjudication by the Court, the case is DISMISSED. The Clerk is directed to close this case.

It is so ORDERED.

SIGNED this 10th day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE